PATRICK  McGLINCHY  *vs.*  STEPHEN  D.  HALL.

*Execution—set-off  of.   Assault—assignment  of.*

The creditor in an execution issued on a judgment in which the debt or damage
recovered is for rent, "became entitled to the sum due thereon," within the
meaning of R. S., c. 84, § 27, when his cause of action accrued.

He is not so entitled to costs until he has obtained a judgment therefor.

"The first execution" in the same section is the one issued upon the judgment
in the action which was first commenced.

No effectual assignment of a sum that may be recovered in an action of trespass
for a personal assault can be made before final judgment.

ON EXCEPTIONS to the rulings of *Goddard,* J., of the superior court for the county of Cumberland.

TRESPASS.

The action was tried by the justice without the intervention of the jury, subject to exceptions.

The plaintiff's attorney, on July 10, 1869, at Portland, delivered to the defendant (a constable of Portland, authorized to serve civil precepts), an execution issued upon a judgment recovered in the superior court on June 8, 1869, in favor of the plaintiff, against John Stone for rent, for $60.14 debt, and $16.94 costs.

The attorney of Stone, on July 9, 1869, put into the defendant's hands an execution, issued on a judgment recovered June 8, 1869, in the superior court, in favor of Stone against McGlinchy, for twenty dollars damages, and five dollars costs. The action in which the latter judgment was recovered was trespass for a personal assault, commenced Oct. 24, 1868. The defendant was directed by the attorney of Stone to collect the latter execution.

McGlinchy was arrested on the execution July 9, 1869, and notified by the officer at that time, of the assignment of the latter judgment to Stone's attorney.

The defendant having the two executions, wherein the creditor in one was debtor in the other, in the same capacity and trust, the plaintiff's attorney thereupon offered to pay the defendant the costs taxed in the execution (*Stone* v. *McGlinchy*), viz., $5.15 for the execution, and the defendant's fees, and requested the defendant to set off the damages in said execution, viz., twenty dollars against the execution (*McGlinchy* v. *Stone*), so far as they would go, thereby satisfying the execution (*Stone* v. *McGlinchy*).

The defendant refused so to do, but compelled the plaintiff to pay the entire execution (*Stone* v. *McGlinchy*), with defendant's fees.

The justice found as matter of fact, that Stone being indebted to his attorney, J. O'Donnell, Esq., for fees and disbursements in the suit (*Stone* v. *McGlinchy*), for an amount equal to the amount of said execution, assigned the cause of action to his attorney in writ-

ing, while the same was pending in court, and before judgment, viz., June 2, 1869, and verbally assigned the execution at the time judgment was rendered, to his attorney, both assignments being made in good faith.

The justice ruled as matter of law:

1. That the defendant was not justified by the assignments, because neither of them was made before McGlinchy "became entitled to the sum due" him on his execution against Stone.

2. That the defendant was not justified in demanding and forcibly collecting of the plaintiff payment of any more of the execution (*Stone* v. *McGlinchy*), on account of "the attorney of Stone in the suit for his fees and disbursements therein," than the amount of costs taxed in said execution.

3. That the defendant is liable in this action for the amount of damages and dollarage therein collected of the plaintiff, and interest from the date of the plaintiff's writ.

To the foregoing rulings the defendant alleged exceptions.

*J. O'Donnell*, for the defendant.

. The set-off could not be made for two reasons: 1. Because the execution (*Stone* v. *McGlinchy*) was satisfied by the latter the day previous, viz., July 9, 1869, by the arrest and giving security for release; and the execution (*McGlinchy* v. *Stone*) was not delivered to the officer until July 10th. 2. Because, if the execution (*Stone* v. *McGlinchy*) had not been secured or paid, the cause of action had been legally assigned long before (June 2, 1869), and at the time judgment was rendered, to Stone's attorney. Such assignments are sufficient to transfer an equitable interest. *Porter* v. *Ballard*, 26 Maine, 451; R. S., c. 84, § 27.

McGlinchy did not "become entitled to the sum due" until judgment was actually rendered. Until then, it was uncertain whether he would recover anything. A contract, upon which a judgment at law has been recovered, is merged in and extinguished by the judgment, which constitutes a new debt, having its first existence at the time of its recovery. *Holbrook* v. *Foss*, 27 Maine, 442; *Farnsworth* v. *Jackson*, 32 Maine, 419.

*W. L. Putnam*, for the plaintiff, cited *Rice* v. *Stone*, 1 Allen, 566; *Newbert* v. *Cunningham*, 50 Maine, 231; *Ocean Ins. Co.* v. *Rider*, 22 Pick. 210.

BARROWS, J. The claim of a *bona fide* assignee to the sum due upon a judgment, is protected from being offset by an execution in favor of the judgment debtor against his assignor, if his assignment had been lawfully made before the creditor in such execution became entitled to the sum due thereon. This protection is granted in connection with the provisions requiring an officer who has in his hands executions, wherein the creditor in one is debtor in the other, in the same capacity and trust, to cause one execution to satisfy the other so far as it will extend, and to make this set-off when holding one of such executions, if the creditor in the other tenders it to him with a request to that effect; and it is coupled with the exemption from this liability to be thus offset, of so much of the first execution as is due to the attorney in the suit, for his fees and disbursements therein. R. S., c. 84, §§ 26, 27.

These provisions are designed to bring about an equitable adjustment of counter-claims between the same parties, in cases where this fails of being accomplished under the statutes regulating the filing of accounts in set-off.

But it is obvious that they will be much less effective if the construction contended for by this defendant's counsel is sustained,— that no creditor can be considered as entitled to any part of the sum for which he obtains judgment, until that judgment is finally entered up. It would almost always be in the power of a party who is desirous of avoiding this equitable result, to ensure to himself the benefit of his own claim by making sale of it during the pendency of cross actions, if his assignee could be thereby empowered to collect his execution, without regard to any indebtedness which the assignor may have previously contracted to the other party.

We think that, as to the debt or damages, " the creditor in the other execution became entitled " to it when his cause of action

accrued, although as to the costs, assuredly he is not so entitled until he obtains a judgment for them. This construction seems absolutely essential to the beneficial operation of the statute, and a liberal construction should be given in furtherance of the object. So with regard to the provision relating to the attorney's lien, " the first execution " is not necessarily the first in date, or the first in the hands of the officer, but it is the execution issued upon the judgment in the action which was first commenced.

The plaintiff here tendered to the defendant enough to discharge the attorney's lien upon Stone's execution, and the defendant's fees for collecting it, and then having an execution of thrice the amount against Stone for rent, which accrued before Stone had any demand against him which was legally capable of assignment, he tendered it to the defendant, and called upon him to offset so much of the debt therein as would pay the debt in the execution of *Stone* v. *McGlinchy*. The defendant refused to do this on the ground that Stone's execution had been assigned to his own attorney before plaintiff " became entitled to the sum due " in his execution against Stone. But Stone's action was trespass for a personal assault. No effectual assignment of the sum that might be recovered in it could be made even after verdict, before final judgment. *Price* v. *Stone*, 1 Allen, 566.

The plaintiff became entitled to the rent months before the entry of the judgment in Stone's suit against him. The merger of the claim for rent in the judgment cannot affect the right of set-off.

There is nothing in the exceptions upon which to base the assertion made in argument that Stone's execution was satisfied before the plaintiff tendered his execution, and claimed the set-off. The defendant should have made this set-off as requested, instead of compelling plaintiff to pay the whole of Stone's execution.

*Exceptions overruled.*

APPLETON, C. J.; CUTTING, KENT, WALTON, and DANFORTH, JJ., concurred.